1  CHARLA R. DUKE, ESQ. SBN# 095518
   LAW OFFICES OF CHARLA R. DUKE
2  360 Grand Ave. Suite 150
3  Oakland, California 94610
   Telephone (510) 839-5453
4  Fax (510) 839-0343
   Attorney for Plaintiff
5  GEORGE S. LOUIE

E-filing

FILED
2008 MAY -2 PM 4:01
CLERK, US DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Fee Pd
MP

ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| GEORGE S. LOUIE, | Case No.: **C08-02304 MEJ** |
|---|---|
| Plaintiff, | **Civil Rights** |
| vs. | |
| ELENA SADUR, dba STATE FARM INSURANACE, located at 5167 Clayton Rd, Concord CA, and RAYMOND LEHMKUHL; ALVIN LUI, dba STATE FARM INSURANACE, located at 3409 Mount Diablo Blvd., Lafayette, CA, and GILBERT LAZZARESCHI; LORI HOCK, dba STATE FARM INSURANACE, located at 550 Hartz Ave., Danville, CA, and RICHARD OLNESS and ELIZABETH OLNESS | **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DISCRIMINATION AGAINST PERSONS WITH DISABILITIES; AMERICANS WITH DISABILITIES ACT OF 1990; CAL. CIVIL CODE §§ 54, ET SEQ.; CAL. CIVIL CODE §§51, ET SEQ.; CAL. HEALTH AND SAFETY CODE §§19955, ET SEQ.;. NEGLIGENCE; DECLARATORY RELIEF; DAMAGES** |
| Defendants. | **DEMAND FOR A JURY TRIAL** |

NOTICE OF ASSIGNMENT TO MAGISTRATE JUDGE SENT

### INTRODUCTION

1. Plaintiff complains of Defendants herein and alleges that:

LOUIE vs. STATE FARM, ET AL                1

1  Plaintiff **GEORGE S. LOUIE** complains of Defendants **ELENA SADUR, dba STATE FARM INSURANACE, located at 5167 Clayton Rd, Concord CA** and **RAYMOND LEHMKUHL,** owner, operator, occupiers, lessee, and or lessor of **premises located at 5167 Clayton Rd, Concord CA** ; **ALVIN LUI, dba STATE FARM INSURANACE, located at 3409 Mount Diablo Blvd., Lafayette, CA.** and **GILBERT LAZZARESCHI,** owner, operator, occupiers, and lessee or lessor of **premises located at 3409 Mount Diablo Blvd., Lafayette, CA.; LORI HOCK, dba STATE FARM INSURANACE, located at 550 Hartz Ave., Danville, CA.** and **RICHARD OLNESS and ELIZABETH OLNESS**, owners, operators, occupiers and lessee or lessors of **premises located at 550 Hartz Ave., Danville, CA (Collectively, hereinafter referred to as Defendants)** and each of them and alleges as follows:

## JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1343(a) (3) and 1343 (a) (4) for claims arising under the Americans With Disabilities Act of 1990, 42 U.S.C. sections 12101, et. seq. Plaintiff's cause of action across in this district, Under this doctrine of pendant and supplemental jurisdiction, this Court has jurisdiction over Plaintiff's claims existing under California State law.

## VENUE

2. Pursuant to 28 U.S.C. sections 1391 (b), venue is proper in the District in which this Complaint is filed, which is the judicial district in which the claims have arisen. The subject **STATE FARM INSURANCE Offices** are public accommodations owned, operated and doing business as public accommodations, conducting business in the, State of California. GEORGE S. LOUIE, **is physically a disabled person who uses a wheelchair for mobility.** **Plaintiff** GEORGE S. LOUIE conducts online banking with State Farm Insurance. State Farm

Insurance Agents should supply banking customers with pre-addressed, postage paid envelopes for deposits.

**While attempting to conduct banking activities on November 29, 2007, at these subject Public Facilities, Plaintiff found that these STATE FARM Agents' Offices** located at 5167 Clayton Rd, Concord, CA, 3409 Mount Diablo Blvd., Lafayette, CA, and 550 Hartz Ave., Danville, CA,. did not have accessible parking accommodations as required by the Americans with Disabilities Act of 1990 (hereinafter "ADA"). **These STATE FARM INSURANCE AGENTS OFFICE' sites** further lacked appropriate signage as required under California law. This lawsuit is brought to require **the Defendants** to modify the above mentioned facilities, including parking, so as to provide to all disabled persons the accessible parking accommodations to which they are entitled under state and federal law.

## FACTUAL ALLEGATIONS

3.      The Attorney General of the State of California believes that the former $1,000.00 damage award is unlikely to have sufficient deterrent effect on the discriminatory practice of a large company.   Defendant may have had hundreds or thousands of transactions that violated the Americans with Disabilities Act of 1990 and the California's Unruh Civil Rights Act and which would have unjustly enriched them. Thus, the prospect of paying an occasional four thousand dollars ( $4,000.00) damage award due to a discriminatory practice may be calculated as an absorbable cost of doing business. The minimum amount was increased to at least $4000.00. See California's Unruh Civil Rights Act Section 52(a), Amended January 1st, 2002. This legislation was supported by California Attorney General, Anti-Defamation League and California School Employees Association.

4.      California's Unruh Civil Rights Act, Civil Code Section 52 (a) reads as follows: whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to

1. Section 51, 51.5 or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4000.00), and any attorney's fees that may be determined by the court in addition thereto, suffered by and person denied the rights provided in Section 51, 51.5, or 51.6, Amended January 1st, 2002.

5. The United States Court of Appeals for the Ninth Circuit in <u>Botosan</u> vs. <u>Paul McNally Realty,</u> 216 F. 3rd 827 at 835 (June 20, 2002) held that, "Consumer was entitled to award of statutory minimum damages under California's Unruh Civil Rights Act, even without proof of actual damages", and proof of actual damages is not prerequisite to recovery of statutory minimum damages under California's Unruh Civil Rights Act." West's Ann.Cal.Civ.Code § 52. Plaintiff **GEORGE S. LOUIE** is a "physically handicapped" or physically disabled person who was denied his rights to "full and equal access" to a public facility by Defendants, and each of them, because they maintained and continue to operate public facilities which do not provide proper access for physically disabled persons as required by law. These State Farm Agencies are characterized by numerous architectural barriers, access deficiencies include but are not limited to the following ADDAG violations and California Building violations:

**Elena Saddur, dba State Farm, 5167 Clayton Rd, Concord, CA** and **RAYMOND LEHMKUHL,** owner, operator. occupier and lessee or lessor of **premises located at 5167 Clayton Rd, Concord CA.** Violations are no van accessible handicapped parking space and a painted path of travel from the space to the building entrance; and /or site accessible route of travel. **CBC 1114B.12**; there is no sign displaying the international symbol of accessibility, that indicate the direction to accessible building entrance and facilities that **comply with the applicable requirements found in Checklist Section #58 "SIGNS AND IDENTIFICATION", CBC 1127B.1.**

1  There is encroachment into accessible handicapped parking space and access aisle. **CBC**
2  **1129B.4.3. & 4.78**; No warning signage stating: "Unauthorized vehicles parked in designated a
3  accessible spaces not displaying distinguishing placards or license plates issued for persons with
4  disabilities may be towed away at owner's expense. Towed vehicles may be reclaimed at
5  _____ or by telephoning _____." **CBC1129B.**

7  **ALVIN LUI, dba STATE FARM INSURNACE, located at 3409 Mount Diablo Blvd.,**
8  **Lafayette, CA and GILBERT LAZZARESCHI,** owner, operator, occupier and leasee or
9  lessor of said **premises located at 3409 Mount Diablo Blvd., Lafayette, CA.** The violations
10 are no van handicapped parking place and painted path of travel from the handicapped parking
11 space to the building entrance/and or site accessible route of travel. **CDB 1114B.1.2;** there is no
12 sign displaying the international symbol of accessibility, that indicates the direction to accessible
13 building entrance and facilities (**comply with the applicable requirements found in Checklist**
14 **Section #58 "SIGNS AND IDENTIFICATION", CBC 1127B.1.**

16 No warning signage stating: "Unauthorized vehicles parked in designated a accessible spaces
17 not displaying distinguishing placards or license plates issued for persons with disabilities may
18 be towed away at owner's expense. Towed vehicles may be reclaimed at _____ or
19 by telephoning _____." **CBC1129B.**

21 **LORI HOCK, dba STATE FARM INSURNACE, located at 550 Hartz Ave., Danville, CA**
22 **and RICHARD OLNESS and ELIZABETH OLNESS,** owners, operators, occupier and lessee
23 or lessor of **premises located at 550 Hartz Ave., Danville, CA.** The violations are: There is a
24 lack of van handicapped parking space and a painted path of travel from the handicapped parking
25 space to the building entrance and/or site accessible route of travel. **CBC 1114B.1.2.;** There is
26 no sign displaying the international symbol of accessibility, that indicates the direction to

LOUIE vs. STATE FARM, ET AL          5

accessible building entrance and facilities that comply with the applicable requirements found in **Checklist Section #58 "SIGNS AND IDENTIFICATION", CBC 1127B.1.**

No warning signage stating: "Unauthorized vehicles parked in designated a accessible spaces not displaying distinguishing placards or license plates issued for persons with disabilities may be towed away at owner's expense. Towed vehicles may be reclaimed at _____ or by telephoning _____." **CBC1129B.**

7. By this lawsuit, Plaintiff seeks damages for the violation of his Civil Rights, and Plaintiff also requests that this Court grant injunctive relief, requiring the Defendants to comply with both California and United States laws requiring access to the and its facilities for physically disabled persons so long as Defendants operate the premises as a public facility. Plaintiff and other physically disabled persons are unable to use public facilities such as those owned and operated by Defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the ADA. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of ADA . The acts and omissions of the Defendants complained of herein were committed in the Cities of Concord, Lafayette and Danville, California.

8. Plaintiff **GEORGE S. LOUIE** is a "person with disabilities," or a physically handicapped person, who requires use of a wheelchair for mobility. Hereinafter, the words "physically disabled" and "physically handicapped" are used interchangeably as these words have similar or identical common usage and legal meaning. However, the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, California Civil Code §§51 and 52, and the Disabled Persons Act, §§54, 54.1, 54.3 and 55, and other statutory measures refer to protection of the rights of "physically disabled persons" and of "individuals with a disability ."

9. Defendants **are State Farm Insurance Agents and/or** the owners and operators, occupiers, lessor and/or lessees of the above mentioned State Farm Insurance Office sites which

1. are "public accommodations or facilities" subject to the requirements of the Americans With Disabilities Act of 1990 and California Civil Code §§51, 54, 54.1 et seq. Plaintiff is informed and believes that each of the Defendants herein is the agent, employee, alter ego or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative or alter ego capacity, and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damage complained of herein. Further, all acts and omissions of each such Defendant were done as part of a joint venture and common enterprise among all Defendants, for which they are all jointly and severally liable.

10. Plaintiff **GEORGE S. LOUIE** was and is all times relative to this Complaint, a physically disabled person as defined for purposes of protections of the §§54ff, Civil Code, the Disabled Rights Acts, and the protections of Part 5.5 of the Health & Safety Code: "Access to Physically Handicapped Persons." Plaintiff **GEORGE S. LOUIE**, is physically disabled and often requires the use of a wheelchair; he cannot climb stairs, climb curbs, or enter narrow doorways in his wheelchair because of his disability, and needs use of the other protections required by law for the protection of disabled persons.

Public Accommodations which offer services to the public such as the **STATE FARM INSURANCE Office** facilities, are public accommodations and facilities within the meaning of Americans with Disabilities Act of 1990. In order for a facility to be considered places of public accommodation means a facility, operated by a private entity, whose operations affect commerce and fall within at least one of the 12 categories **pursuant to ADA Title III, § 36.104.** *Insurance Office is specifically enumerated under category (6) § 36.104* of the regulation.

11. On November 29, 2007, Plaintiff **GEORGE S. LOUIE** came to the subject **STATE FARM INSURANCE Offices** in his wheelchair for the purpose of conducting business transactions. Plaintiff found that the **subject STATE FARM INSURANCE Offices** did not provide adequate access to people with disabilities, including, intern alia: inaccessible parking spaces which prevented Plaintiff use of these facilities. These barriers make it impossible for

1 persons with mobility disabilities, such as Plaintiff, to access the SUBJECT FACILITY without
2 assistance.
3 12.	Plaintiff **GEORGE S. LOUIE,** sustained intangible injuries.  See Ronald Ray Smith v.
4 Pacific Properties and Development Corp, 359 F3d 1097,1114 (9th Cir. 2004) (noting that the
5 U.S. District Court for Nevada had fail(ed) to recognize the dignity harm to a disabled person of
6 observing… overly discriminatory conditions. Defendants have known that **these subject**
7 **STATE FARM INSURANCE Office** site facilities, violated disability accesses requirements
8 and standards and Defendants refuse to rectify the violations. It is clear that failure to act
9 constitutes violations of the ADA.
10 13.	**These STATE FARM INSURANCE Offices** did not display signs at any door or
11 anywhere on the premises designating any accessible accommodations for use by physically
12 disabled persons.
13 14.	On information and belief, from on or about November 29, 2007 to the date of filing of
14 this Complaint, on or about May 2, 2008, there are still no accessible features at these **STATE**
15 **FARM INSURANCE Office sites** in each of the respects complained of hereinabove.
16 15.	As the result of his negative experiences upon attempting to patronize these subject
17 **STATE FARM INSURANCE Offices** described hereinabove, Plaintiff **GEORGE S. LOUIE**
18 suffered violations of his Civil Rights and of his statutory rights as a disabled person to full and
19 equal access to public facilities and further suffered physical, mental and emotional pain, and
20 suffered embarrassment, humiliation and emotional distress, all to his damages as hereinafter
21 prayed.
22 16.	Plaintiff GEORGE S. LOUIE is informed and believes and therefore alleges that
23 Defendants and each of them caused the subject building site location of these above-mentioned
24 **STATE FARM INSURANCE Offices** to be constructed, altered and maintained in such a
25 manner that physically disabled persons were denied full and equal access to, within and
26 throughout said building, and full and equal use of said public facilities. Further, on information
27 and belief, Defendants and each of the facilities in such conditions up to the present time, despite
28 actual and constructive notice to such.

17.  Defendants, and each of them, knew that the configuration of the inaccessible parking was in violation of the Civil Rights of handicapped persons, such as Plaintiff **GEORGE S. LOUIE**. Such construction, modification, ownership, operation, maintenance and practices of such a public facility is in violation of law as stated in Americans With Disabilities Act of 1990.

18.  On information and belief, the subject **STATE FARM INSURANCE AGENTS** denied full and equal access to disabled persons in other respects due to non-compliance with requirements of the Americans with Disabilities Act of 1990.

19.  <u>General Damage</u> - As a result of the refusal by Defendants and each of them to comply with statutory requirements or otherwise provide reasonable access for disabled persons to the subject Public Accommodation. **GEORGE S. LOUIE** was denied his rights to full and equal access to and use of public facilities and was discriminated against on the sole basis that he was physically disabled and used a wheelchair, and was unable to independently access the subject **STATE FARM INSURANCE Offices** or use on a "full and equal" basis the other inaccessible facilities as specified hereinabove. Denial of full and equal access to Plaintiff **GEORGE S. LOUIE** also embarrassed and humiliated Plaintiff. Defendants' acts have caused Plaintiff physical and psychological pain, discomfort, suffering, emotional distress and general and statutory damages.

20.  <u>Attorneys' Fees</u> - As a result of Defendants' acts and omissions as hereinabove described, Plaintiff has been required to incur legal costs and litigation expenses and hire an attorney in order to enforce Plaintiff's right and enforce provision of the law protecting access for the disabled and prohibiting discrimination against the disabled, and to take such action both in his own interest and in order to enforce an important right affecting the public interest. Plaintiff therefore seeks recovery in this lawsuit for all attorney's fees, litigation expenses and costs incurred, pursuant to the provisions of §1021.5 of the Code of Civil Procedure. Plaintiff additionally seeks attorney's fees pursuant to §§54.3 and 55 of the Civil Code.

**FIRST CAUSE OF ACTION:**

**VIOLATION OF DISABLED PERSONS ACT**

**CIVIL CODE §§54, 54.1, 54.3 ET SEQ,**

**DENIAL OF EQUAL ACCESS TO PHYSICALLY DISABLED PERSONS**

23.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in paragraphs 1 through 23 of this Complaint and incorporates them herein as if separately replead.

24.    At all times relevant to this action, California Civil Code §54.1 has provided that physically disabled persons are not to be discriminated against because of physical handicap or disability. This section provides that:

> ....physically disabled persons shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, airplanes, motor vehicles,...or any other public conveyance or modes of transportation, telephone facilities, hotels, lodging places, places of public accommodation and amusement or resort, and other places to which the general public is invited, subject only to state or federal regulations, and applicable alike to all other persons.

25.    California Civil Code §54.3 provides that any person or corporation who denies or interferes with admittance to, or enjoyment of the public facilities as specified in §54 and §54.1 is liable of EACH such offense for the actual damages and any amount up to a maximum of these times the amount of actual damages, but in no case less than $4,000.00 and such attorneys' fees that may be determined by the Court in addition thereto, suffered by any person denied any of the rights provided in §54 and §54.1, for services necessary to enforce those rights.

26.    Plaintiff is a person within the meaning of Civil Code §54 and §54.1 whose rights have been infringed upon and violated by the Defendants as prescribed by §54.1. A separate act in violation of §54.1 has been committed WHEN EVER Defendants knowingly and willfully fail and refuse to provide full and equal access for physically disabled persons at **the subject STATE FARM INSURANCE Offices.** Plaintiff has been denied full and equal access on an ongoing basis since filing the Complaint.

27.    Further, any violation of the Americans With Disabilities Act of 1990, (as plead in the SECOND Cause of Action hereinbelow, the contents of which are replead and incorporated herein, word for word, as if separately replead), also constitutes a violation of §§54 and 54.1 (d)

1  California Civil Code, thus independently justifying an award of damages and injunctive relief
2  pursuant to California law.
3  28.    Plaintiff has been damaged by Defendants' wrongful conduct and seeks the relief that is
4  afforded by §§54.1, 54.3 and 55 of the Civil Code. Plaintiff seeks actual damages, treble
5  damages, preliminary and injunctive relief to enjoin and eliminate the discriminatory practices
6  of Defendants disrespecting disabled persons, and for reasonable attorneys' fees, litigation
7  expenses and costs.
8  29.    The act and omission of Defendants as complained of continue on a day-to-day basis to
9  have the effect of allowing Defendants to willfully and wrongfully exclude Plaintiff and other
10 members of the public who are physically disabled from full and equal access to **the subject**
11 **STATE FARM INSURANCE Offices which are** public places of business. Such acts and
12 omissions are the direct cause of humiliation and mental and emotional suffering to Plaintiff and
13 that these actions treat Plaintiff as an inferior and second class citizen and serve to discriminate
14 against his on the sole basis that he is physically disabled and unable to use and have access to
15 public facilities of the Defendants on an equal basis to that available to other persons, so long as
16 the facilities fail to provide proper and legally required access for disabled persons. Said acts
17 have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined
18 by this Court.
19 30.    WHEREFORE, Plaintiff asks this Court to enjoin any continuing refusal by Defendants to
20 grant such access to Plaintiff and to enjoin operation of the **subject STATE FARM**
21 **INSURANCE Offices** as public facilities and public places of business until Defendants
22 comply with all applicable statutory requirements related to access to the handicapped, and that
23 the Court award statutory attorneys' fees, litigation expenses and costs pursuant to Civil Code
24 §55 and Code of Civil Procedure §1021.5 and as further herein prayed for.
25     WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.
26
27                    **SECOND CAUSE OF ACTION:**
28

# VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
## 42 USC §12101FF

31.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in paragraphs 1 through 30 of this Complaint and incorporates them herein as if separately replead.

32.  Pursuant to law in 1990, the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities" and that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; that the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals; and that the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities of which our free society is justifiably famous."

33.  Congress stated as its purpose in passing the Americans with Disabilities (42 USC §12101 (B)):

(1)  It is the purpose of this act to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

34.  As part of the Americans with Disabilities Act of 1990, Public Law 101-336, (hereafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). Among the Public accommodations identified for purposes of this title were all businesses that offer any service to the public. (See (§301(7)(F)).

1  35.   Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the
2  basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,
3  advantages, or accommodations of any place of public accommodation by any person who owns,
4  leases, or leases to, or operates a place of public accommodation."
5  36.   Although the specific prohibitions against discrimination were included, in
6  §302(b)(2)(a)(iv), "a failure to remove architectural barriers, and communication barriers that are
7  structural in nature, in existing facilities… where such removal is readily achievable;" and (v)
8  "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily
9  achievable, a failure to make such goods, services, facilities, privileges, advantages, or
10 accommodations available through alternative methods if such methods are "readily achievable."
11 The acts of Defendants set forth herein are a violation of Plaintiff's rights under the "ADA,"
12 Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff. The
13 standards of the ADA are also incorporated into §§54.3 and 55 of the Civil Code.
14 37.   The removal of each of the barriers complained of by Plaintiff **GEORGE S. LOUIE** as
15 hereinabove alleged was at all time after January 26, 1992 "readily achievable." As noted
16 hereinabove, removal of each of the architectural barriers complained of were already required
17 under existing California law. Further, at all times since January 26, 1992, modification of or
18 removal of each of the above described individual barriers was "readily achievable" under the
19 factors specified in §301(9) of the Americans with Disabilities Act and regulations adopted
20 pursuant to that section. On information and belief, Defendants failed to "address" any of these
21 problems, even after **GEORGE S. LOUIE 'S** difficulties in obtaining access were made clear to
22 Defendants.
23 38.   Per §301(9), 42 USC 12181, the term "readily achievable" means "easily accomplished
24 and able to be carried out without much difficulty or expense." Plaintiff alleges that each of the
25 items that Plaintiff has complained about hereinabove was and is "readily achievable" by the
26 Defendants under the standards set forth under §301(9) of the Americans with Disabilities Act at
27 all times since January 26, 1992. Further, if it was not "readily achievable" for Defendants to
28

1. remove each of such barriers, Defendants have failed to make the required services available through alternative methods, which were readily achievable.

39. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a) –3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. Further, each violation of the ADA which Plaintiff alleges is occurring on a daily, continuing and ongoing basis, also constitutes a violation of §§54(c) and §54.1(d) California Civil Code, further entitling Plaintiff to the rights and remedies of §54.3 Civil Code, including damages and attorneys' fees and costs, and injunctive relief per §55 Civil Code.

40. Per §308 (a) (1) (42 USC 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actually noticed that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, Plaintiff, on information and belief, alleges that Defendants have continued to violate the law and deny the rights of Plaintiff and of other disabled persons to access this public accommodation. Pursuant to §308 (b)(2)(A)(iv) … injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title." Plaintiff seeks such injunctive relief.

41. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000 (a) –3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.

WHEREFORE, Plaintiff requests relief as set forth below.

## PRAYER FOR RELIEF

### FIRST CAUSE OF ACTION – STATUTORY VIOLATIONS

1. General and compensatory damages according to proof;
2. Special and consequential damages according to proof;

3. For attorneys' fees, litigation expenses and costs pursuant to §1021.5 of the Code of Civil Procedure, §19953 Health & Safety Code;

4. For all costs of suit;

5. For pre-judgment interest pursuant to §3291 of the Civil Code;

6. That Defendants be preliminarily and permanently enjoined from operating and maintaining **the subject STATE FARM INSURANCE Offices** in violation of the Americans with Disabilities Act of 1990 or other regulations as are currently required by law;

7. Such other and further relief as the Court may deem just and proper.

///
///
///

## SECOND CAUSE OF ACTION

## FULL AND EQUAL ACCESS PER §§54 AND 54.1 CIVIL CODE

1. General and compensatory damages according to proof;

2. All damages as afforded by Civil Code §54.3 for each day on which Defendants have denied to Plaintiff equal access for the disabled;

3. Attorneys' fees, litigation expenses and costs pursuant to §54.3 and §55 of the Civil Code, and §1021.5 Code of Civil Procedure;

4. For all costs of suit;

5. Pre-judgment interest pursuant to §3291 of the Civil Code;

6. That Defendants be enjoined from operating the **subject STATE FARM INSURANCE Offices** as a public accommodation and facility open to the public, so long as disabled persons are not provided full and equal access to the accommodations and facilities, as provided by §51, 54, 54.1, 55 et seq., of the Civil Code;

7. Such other and further relief as the Court may deem just and proper.

Dated: May 1, 2008                    _____
                                       CHARLA R. DUKE

LAW OFFICES OF CHARLA R. DUKE
Attorney for Plaintiff
**GEORGE S. LOUIE**

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: May 1, 2008

*/s/ Charla R. Duke*
CHARLA R. DUKE
LAW OFFICES OF CHARLA R. DUKE
Attorney for Plaintiff
**GEORGE S. LOUIE**