1  CHARLA R. DUKE, ESQ. SBN# 095518
   **LAW OFFICES OF CHARLA R. DUKE**
2  **360 Grand Ave. Suite 150**
3  **Oakland , California 94610**
   **Telephone (510) 839-5453**
4  **Fax (510) 839-0343**
   **Attorney for Plaintiff**
5  **GEORGE S. LOUIE**

6

7              **UNITED STATES DISTRICT COURT**

8             **NORTHERN DISTRICT OF CALIFORNIA**

9

10  **GEORGE S. LOUIE,**                  ) **Case No.: C-08-02304 MEJ**
                                          )
11              **Plaintiff,**            ) **Civil Rights**
                                          )
12      **vs.**                           )
                                          )
13  **ELENA SADUR, dba STATE FARM**       ) **AMENDED**
14  **INSURANACE, located at 5167 Clayton Rd,** ) **COMPLAINT FOR VIOLATION OF**
    **Concord CA, and RAYMOND**           ) **CIVIL RIGHTS AND DISCRIMINATION**
15  **LEHMKUHL; ALVIN LUI, dba STATE**    ) **AGAINST PERSONS WITH**
16  **FARM INSURANACE, located at 3409**  ) **DISABILITIES; AMERICANS WITH**
    **Mount Diablo Blvd., Lafayette, CA, and** ) **DISABILITIES ACT OF 1990; CAL.**
17  **GILBERT LAZZARESCHI; LORI HOCK,**   ) **CIVIL CODE §§ 54, ET SEQ.; CAL.**
    **dba STATE FARM INSURANACE, located** ) **CIVIL CODE §§51, ET SEQ.; CAL.**
18  **at 550 Hartz Ave., Danville, CA,  and** ) **HEALTH AND SAFETY CODE §§19955,**
19  **RICHARD OLNESS and ELIZABETH**      ) **ET SEQ.;. NEGLIGENCE;**
    **OLNESS; STATE FARM BANK,  3 State** ) **DECLARATORY RELIEF; DAMAGES**
20  **Farm Plaza, Bloomington, Illinois, 61791** )
                                          )
21              **Defendants.**           )
22                                        ) **DEMAND FOR A JURY TRIAL**
                                          )
23                                        )
                                          )
24                                        )
                                          )
25  _____)

26
                              **INTRODUCTION**
27

28  1.    Plaintiff complains of Defendants herein and alleges that:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff **GEORGE S. LOUIE** complains of Defendants, **STATE FARM BANK,** located at 3 State Farm Plaza, Bloomington Illinois 61791 , hereinafter referred to as "**STATE FARM**" , **ELENA SADUR, dba STATE FARM INSURANACE, located at 5167 Clayton Rd, Concord CA and RAYMOND LEHMKUHL,** owner, operator, occupiers, leasee, and or leaser of **premises located at 5167 Clayton Rd, Concord CA ; ALVIN LUI, dba STATE FARM INSURANACE, located at 3409 Mount Diablo Blvd., Lafayette, CA. and GILBERT LAZZARESCHI,** owner, operator, occupiers, and lessee or leaser of **premises located at 3409 Mount Diablo Blvd., Lafayette, CA.; LORI HOCK, dba STATE FARM INSURANACE, located at 550 Hartz Ave., Danville, CA. and RICHARD OLNESS and ELIZABETH OLNESS**, owners, operators, maintain s, occupiers and leasee or leaser of **premises located at 550 Hartz Ave., Danville, CA (Collectively, hereinafter referred to as Defendants)** and each of them and alleges as follows:

## JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1343(a) (3) and 1343 (a) (4) for claims arising under the Americans With Disabilities Act of 1990, 42 U.S.C. sections 12101, et. seq. Plaintiff's cause of action across in this district, Under this doctrine of pendant and supplemental jurisdiction, this Court has jurisdiction over Plaintiff's claims existing under California State law.


## VENUE

Pursuant to 28 U.S.C. sections 1391 (b), venue is proper in the District in which this Complaint is filed, which is the judicial district in which the claims have arisen. The subject **STATE FARM / STATE FARM** Insurance Offices are public accommodations owned, operated and doing business as public accommodations, conducting business in the, State of California.

1    GEORGE S. LOUIE**, is physically a disabled person who uses a wheelchair for**

2    **mobility. Plaintiff** GEORGE S. LOUIE has both a **State Farm Bank** Checking and Savings

3    Account. Since there are no actual **State Farm Branch** Offices available on the west coast,

4    **State Farm Bank** advertises that **State Farm Agents** should provide banking customers with

5    **State Farm Banking** envelopes that are pre-addressed and have pre-paid 1st class postage, to

6
     help make banking with **State Farm Bank** more convenient. Plaintiff also has numerous other
7
     banking needs which include but are not limited to IRA'S, CDs, Bonds, Mutual Funds, and
8
9    applications for home loans. Federal Law mandates that Plaintiff must produce identification

10   in person to an actual State Farm Agent when verifying or obtaining any information regarding

11   his accounts. To help the U.S. government fight the funding of terrorism and money laundering

12   activities, under the provisions of Title III-International Money Laundering Abatement and

13   Anti-Terrorist Financing Act of 2001 (USA PATRIOT ACT of 2001) Federal law requires all

14   financial institutions to obtain, verify and record information that identifies each person who

15
     opens an account—this must be done inside a **STATE FARM** agent's office.
16
17         Plaintiff further frequently travels California freeways during most of the week and

18   while traveling, frequently needs to conduct banking activities.        While traveling California

19   freeways and attempting to conduct **STATE FARM** banking activities on November 29, 2007,

20   at the subject Public Facilities, Plaintiff found that these **STATE FARM** Agents' Offices

21   **located at 5167 Clayton Rd, Concord, CA,   3409 Mount Diablo Blvd., Lafayette, CA, and**
22
     **550 Hartz Ave., Danville, CA,. did not have accessible parking accommodations as**
23
24   **required by the Americans with Disabilities Act of 1990 (hereinafter "ADA").** These

25   **STATE FARM** business sites and or STATE FARM INSURANCE AGENTS' OFFICE sites

26   **further lacked appropriate signage as required under California law.** This lawsuit is
27
     brought to require the Defendants to modify the above mentioned facilities, including parking,
28

so as to provide to all disabled persons the accessible parking accommodations to which they are entitled under state and federal law.

## FACTUAL ALLEGATIONS

2.      California's Unruh Civil Rights Act, Civil Code Section 52 (a) reads as follows: whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5 or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4000.00), and any attorney's fees that may be determined by the court in addition thereto, suffered by and person denied the rights provided in Section 51, 51.5, or 51.6, Amended January 1st, 2002.

3.      The United States Court of Appeals for the Ninth Circuit in <u>Botosan</u> vs. <u>Paul McNally Realty,</u> 216 F. 3rd 827 at 835 (June 20, 2002) held that, "Consumer was entitled to award of statutory minimum damages under California's Unruh Civil Rights Act, even without proof of actual damages ", and proof of actual damages is not prerequisite to recovery of statutory minimum damages under California's Unruh Civil Rights Act." West's Ann.Cal.Civ.Code § 52. Plaintiff **GEORGE S. LOUIE** is a "physically handicapped" or physically disabled person who was denied his rights to "full and equal access" to a public facility by Defendants, and each of them, because they maintained and continue to operate public facilities which do not provide proper access for physically disabled persons as required by law. These **STATE FARM** business sites and or **State Farm Agencies** are characterized by numerous architectural barriers, access deficiencies include but are not limited to the following ADDAG violations and California Building violations:

**Elena Saddur, dba State Farm, 5167 Clayton Rd, Concord, CA** and **RAYMOND LEHMKUHL,** owner, operator. occupier and lessee or lessor of **premises located at 5167 Clayton Rd, Concord CA.**  Violations are no van accessible handicapped parking space and a painted path of travel from the space to the building entrance; and /or site accessible route of travel. **CBC 1114B.12**; there is no sign displaying the international symbol of accessibility, that indicate the direction to accessible building entrance and facilities that **comply with the applicable requirements found in Checklist Section #58 "SIGNS AND IDENTIFICATION", CBC 1127B.1.**

There is encroachment into accessible handicapped  parking space and access aisle. **CBC 1129B.4.3. & 4.78**; No warning signage stating: "Unauthorized vehicles parked in designated a accessible spaces not displaying distinguishing placards or license plates issued for persons with disabilities may be towed away at owner's expense.  Towed vehicles may be reclaimed at _____ or by telephoning _____." **CBC1129B.**

**ALVIN LUI, dba STATE FARM INSURNACE, located at 3409 Mount Diablo Blvd., Lafayette, CA and  GILBERT LAZZARESCHI,** owner, operator, occupier and leasee or lessor of said **premises located at 3409 Mount Diablo Blvd., Lafayette, CA.**  The violations are no van handicapped parking place and  painted path of travel from the handicapped parking space to the building entrance/and or site accessible route of travel. **CDB 1114B.1.2;** there is no sign displaying the international symbol of accessibility, that indicates the direction to accessible building entrance and facilities (**comply with the applicable requirements found in Checklist Section #58 "SIGNS AND IDENTIFICATION", CBC 1127B.1.**

No warning signage stating: "Unauthorized vehicles parked in designated a accessible spaces not displaying distinguishing placards or license plates issued for persons with disabilities may

1  be towed away at owner's expense.  Towed vehicles may be reclaimed at _____ or

2  by telephoning _____." **CBC1129B.**

4  **LORI HOCK, dba STATE FARM INSURNACE, located at 550 Hartz Ave., Danville, CA**

5  **and RICHARD OLNESS and ELIZABETH OLNESS,** owners, operators, occupier and lessee

6  or lessor of **premises located at 550 Hartz Ave., Danville, CA.**  The violations are:  There is a

7  lack of van handicapped parking space and a painted path of travel from the handicapped parking

8  space to the building entrance and/or site accessible route of travel.  **CBC 1114B.1.2.;**  There is

9  no sign displaying the international symbol of accessibility, that indicates the direction to

10  accessible building entrance and facilities that comply with the applicable requirements found in

11  **Checklist Section #58 "SIGNS AND IDENTIFICATION", CBC 1127B.1.**

12

13  No warning signage stating: "Unauthorized vehicles parked in designated a accessible spaces

14  not displaying distinguishing placards or license plates issued for persons with disabilities may

15  be towed away at owner's expense.  Towed vehicles may be reclaimed at _____ or

16  by telephoning _____." **CBC1129B.**

17

18  7.        By this lawsuit, Plaintiff seeks damages for the violation of his Civil Rights, and Plaintiff

19  also requests that this Court grant injunctive relief, requiring the Defendants to comply with both

20  California and United States laws requiring access to the and its facilities for physically disabled

21  persons so long as Defendants operate the premises as a public facility. Plaintiff and other

22

23  physically disabled persons are unable to use public facilities such as those owned and operated

24  by Defendants on a "full and equal" basis unless such facility is in compliance with the

25  provisions of the ADA.  Plaintiff is a member of that portion of the public whose rights are

26  protected by the provisions of ADA . The acts and omissions of the Defendants complained of

27  herein were committed in the Cities of Concord, Lafayette and Danville, California.

28

8.      Plaintiff **GEORGE S. LOUIE** is a "person with disabilities," or a physically handicapped person, who requires use of a wheelchair for mobility. Hereinafter, the words "physically disabled" and "physically handicapped" are used interchangeably as these words have similar or identical common usage and legal meaning. However, the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, California Civil Code §§51 and 52, and the Disabled Persons Act, §§54, 54.1, 54.3 and 55, and other statutory measures refer to protection of the rights of "physically disabled persons" and of "individuals with a disability ."

9.      Defendants **are State Farm Bank, State Farm Insurance Agents and/or** the owners and operators, occupiers, lesser and/or lessees of the above mentioned State Farm Insurance Office sites which are  "public accommodations or facilities" subject to the requirements of the Americans With Disabilities Act of 1990 and California Civil Code §§51, 54, 54.1 et seq. Plaintiff is informed and believes that each of the Defendants herein is the agent, employee, alter ego or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative or alter ego capacity, and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damage complained of herein. Further, all acts and omissions of each such Defendant were done as part of a joint venture and common enterprise among all Defendants, for which they are all jointly and severally liable.

10.     Plaintiff **GEORGE S. LOUIE** was and is all times relative to this Complaint, a physically disabled person as defined for purposes of protections of the §§54ff, Civil Code, the Disabled Rights Acts, and the protections of Part 5.5 of the Health & Safety Code: "Access to Physically Handicapped Persons." Plaintiff **GEORGE S. LOUIE** , is physically disabled and often requires the use of a wheelchair; he cannot climb stairs, climb curbs, or enter narrow doorways in his wheelchair because of his disability, and needs use of the other protections required by law for the protection of disabled persons.

        Public Accommodations which offer services to the public such as the STATE FARM agents and or **STATE FARM INSURANCE Office** facilities, are public accommodations and

1  facilities within the meaning of Americans with Disabilities Act of 1990.  In order for a facility

2  to be considered places of public accommodation means a facility, operated by a private entity,

3  whose operations affect commerce and fall within at least one of the 12 categories **pursuant to**

4
5  **ADA Title III, § 36.104**. *Insurance Office is specifically enumerated under category (6)* **§**

6  **36.104** of the regulation.

7  11.     On November 29, 2007,  Plaintiff **GEORGE S. LOUIE**  came to the subject **STATE**

8  **FARM** agents and or **STATE FARM INSURANCE Offices** in his wheelchair for the purpose

9  of conducting banking transactions. Plaintiff found that the **subject  STATE FARM Agents and**

10 **or STATE FARM INSURANCE Offices**  did not provide adequate access to people with

11 disabilities, including, intern alia: inaccessible  parking spaces which prevented  Plaintiff use of

12 these facilities. These barriers make it impossible for persons with mobility disabilities, such as

13 Plaintiff, to access the SUBJECT FACILITY without assistance.

14 12.     Plaintiff **GEORGE S. LOUIE,** sustained intangible injuries. See Ronald Ray Smith v.

15 Pacific Properties and Development Corp, 359 F3d 1097,1114 (9th Cir. 2004) (noting that the

16 U.S. District Court for Nevada had fail(ed) to recognize the dignity harm to a disabled person of

17 observing… overly discriminatory conditions. Defendants have known that **these subject**

18 **STATE FARM BANK agents  and or STATE FARM INSURANCE Office** site facilities,

19 violated disability accesses requirements and standards and  Defendants refuse to rectify the

20 violations. It is clear that failure to act constitutes violations of the ADA.

21 13.     **These STATE FARM agents and or STATE FARM INSURANCE Offices** did not

22 display signs at any door or anywhere on the premises designating any accessible

23 accommodations for use by physically disabled persons.

24 14.     On information and belief, from on or about November 29, 2007 to the date of filing of

25 this Complaint, on or about May 2, 2008, there are still no accessible features at these **STATE**

26 **FARM BANKS and or STATE FARM INSURANCE Office sites**  in each of the respects

27 complained of hereinabove.

28

1 | 15.    As the result of his negative experiences upon  attempting to patronize these subject
2 | **STATE FARM** Offices and or **STATE FARM INSURANCE Offices** described hereinabove,
3 | Plaintiff **GEORGE S. LOUIE**  suffered violations of his Civil Rights and of his statutory rights
4 | as a disabled person to full and equal access to public facilities and further suffered physical,
5 | mental and emotional pain, and suffered embarrassment, humiliation and emotional distress, all
6 | to his damages as hereinafter prayed.

7 | 16.    Plaintiff GEORGE S. LOUIE  is informed and believes and therefore alleges that
8 | Defendants and each of them caused the subject building site location  of these above-mentioned
9 | **STATE FARM** and or **STATE FARM INSURANCE  Offices** to be constructed, altered and
10 | maintained in such a manner that physically disabled persons were denied full and equal access
11 | to, within and throughout said building, and full and equal use of said public facilities. Further,
12 | on information and belief, Defendants and each of the facilities in such conditions up to the
13 | present time, despite actual and constructive notice to such.

14 | 17.    Defendants, and each of them, knew that the configuration of the inaccessible parking
15 | was in violation of the Civil Rights of handicapped persons, such as Plaintiff **GEORGE S.**
16 | **LOUIE**. Such construction, modification, ownership, operation, maintenance and practices of
17 | such a public facility is in violation of law as stated in Americans With Disabilities Act of 1990.
18 | 18.    On information and belief, the subject STATE FARM  sites and or **STATE FARM**
19 | **INSURANCE AGENTS** denied full and equal access to disabled persons in other respects due
20 | to non-compliance with requirements of the Americans with Disabilities Act of 1990.

21 | 19.    General Damage - As a result of the refusal by Defendants and each of them to comply
22 | with statutory requirements or otherwise provide reasonable access for disabled persons to the
23 | subject Public Accommodation. **GEORGE S. LOUIE**  was denied his rights to full and equal
24 | access to and use of public facilities and was discriminated against on the sole basis that he was
25 | physically disabled and used a wheelchair, and was unable to independently access the subject
26 | **STATE FARM** sites and or **STATE FARM INSURANCE Offices** or use on a "full and equal"
27 | basis the other inaccessible facilities as specified hereinabove. Denial of full and equal access to
28 | Plaintiff **GEORGE S. LOUIE**  also embarrassed and humiliated Plaintiff. Defendants' acts have

1  caused Plaintiff physical and psychological pain, discomfort, suffering, emotional distress and
2  general and statutory damages.

3  20.     Attorneys' Fees - As a result of Defendants' acts and omissions as hereinabove described,
4  Plaintiff has been required to incur legal costs and litigation expenses and hire an attorney in
5  order to enforce Plaintiff's right and enforce provision of the law protecting access for the
6  disabled and prohibiting discrimination against the disabled, and to take such action both in his
7  own interest and in order to enforce an important right affecting the public interest. Plaintiff
8  therefore seeks recovery in this lawsuit for all attorney's fees, litigation expenses and costs
9  incurred, pursuant to the provisions of §1021.5 of the Code of Civil Procedure. Plaintiff
10 additionally seeks attorney's fees pursuant to §§54.3 and 55 of the Civil Code.

12 ## FIRST CAUSE OF ACTION:
13 ## VIOLATION OF DISABLED PERSONS ACT
14 ## CIVIL CODE §§54, 54.1, 54.3 ET SEQ,
15 ## DENIAL OF EQUAL ACCESS TO PHYSICALLY DISABLED PERSONS

16 23.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the
17 factual allegations contained in paragraphs 1 through 23 of this Complaint and incorporates them
18 herein as if separately replead.

19 24.     At all times relevant to this action, California Civil Code §54.1 has provided that
20 physically disabled persons are not to be discriminated against because of physical handicap or
21 disability. This section provides that:

22      ....physically disabled persons shall be entitled to full and equal access, as other members
23 of the general public, to accommodations, advantages, airplanes, motor vehicles,...or any other
   public conveyance or modes of transportation, telephone facilities, hotels, lodging places, places
24 of public accommodation and amusement or resort, and other places to which the general public
   is invited, subject only to state or federal regulations, and applicable alike to all other persons.
25

26 25.     California Civil Code §54.3 provides that any person or corporation who denies or
27 interferes with admittance to, or enjoyment of the public facilities as specified in §54 and §54.1
28 is liable of EACH such offense for the actual damages and any amount up to a maximum of

LOUIE vs. STATE FARM, ET AL          10

1    these times the amount of actual damages, but in no case less than \$4,000.00 and such attorneys'
2    fees that may be determined by the Court in addition thereto, suffered by any person denied any
3    of the rights provided in §54 and §54.1, for services necessary to enforce those rights.

4    26.   Plaintiff is a person within the meaning of Civil Code §54 and §54.1 whose
5    rights have been infringed upon and violated by the Defendants as prescribed by §54.1. A
6    separate act in violation of §54.1 has been committed WHEN EVER Defendants knowingly and
7    willfully fail and refuse to provide full and equal access for physically disabled persons at **the**
8    **subject STATE FARM sites and or  STATE FARM INSURANCE Offices.** Plaintiff has
9    been denied full and equal access on an ongoing basis since filing the Complaint.

10   27.   Further, any violation of the Americans With Disabilities Act of 1990, (as plead in the
11   SECOND Cause of Action hereinbelow, the contents of which are replead and incorporated
12   herein, word for word, as if separately replead), also constitutes a violation of §§54 and 54.1 (d)
13   California Civil Code, thus independently justifying an award of damages and injunctive relief
14   pursuant to California law.

15   28.   Plaintiff has been damaged by Defendants' wrongful conduct and seeks the relief that is
16   afforded by §§54.1, 54.3 and 55 of the Civil Code. Plaintiff seeks actual damages, treble
17   damages,  preliminary and injunctive relief to enjoin and eliminate the discriminatory practices
18   of Defendants disrespecting disabled persons, and for reasonable attorneys' fees, litigation
19   expenses and costs.

20   29.   The act and omission of Defendants as complained of continue on a day-to-day basis to
21   have the effect of allowing Defendants to willfully and wrongfully exclude Plaintiff and other
22   members of the public who are physically disabled from full and equal access to **the subject**
23   **STATE FARM  business sites and or STATE FARM INSURANCE Offices which are**
24   public places of business. Such acts and omissions are the direct cause of humiliation and mental
25   and emotional suffering to Plaintiff and that these actions treat Plaintiff as an inferior and second
26   class citizen and serve to discriminate against his on the sole basis that he is physically disabled
27   and unable to use and have access to public facilities of the Defendants on an equal basis to that
28   available to other persons, so long as the facilities fail to provide proper and legally required

LOUIE vs. STATE FARM, ET AL          11

1  access for disabled persons. Said acts have proximately caused and will continue to cause

2  irreparable injury to Plaintiff if not enjoined by this Court.

3  30.    WHEREFORE, Plaintiff asks this Court to enjoin any continuing refusal by Defendants to

4  grant such access to Plaintiff and to enjoin operation of the **subject STATE FARM and or**

5  **STATE FARM INSURANCE Offices** as  public facilities and public places of business until

6  Defendants comply with all applicable statutory requirements related to access to the

7  handicapped, and that the Court award statutory attorneys' fees, litigation expenses and costs

8  pursuant to Civil Code §55 and Code of Civil Procedure §1021.5 and as further herein prayed

9  for.

10       WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

11

12                      **SECOND CAUSE OF ACTION:**

13      **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

14                         **42 USC §12101FF**

15  31.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the

16  factual allegations contained in paragraphs 1 through 30 of this Complaint and incorporates them

17  herein as if separately replead.

18  32.    Pursuant to law in 1990, the United States Congress made findings per 42 USC §12101

19  regarding physically disabled persons, finding that laws were needed to more fully protect "some

20  43 million Americans with one or more physical or mental disabilities; that historically society

21  has tended to isolate and segregate individuals with disabilities" and that "such forms of

22  discrimination against individuals with disabilities continue to be a serious and pervasive social

23  problem; that the nation's proper goals regarding individuals with disabilities are to assure

24  equality of opportunity, full participation, independent living and economic self sufficiency for

25  such individuals; and that the continuing existence of unfair and unnecessary discrimination and

26  prejudice denies people with disabilities the opportunity to compete on an equal basis and to

27  pursue those opportunities of which our free society is justifiably famous."

28

1  33.   Congress stated as its purpose in passing the Americans with Disabilities (42 USC §12101
2  (B)):

3      (1)   It is the purpose of this act to provide a clear and comprehensive national mandate
4  for the elimination of discrimination against individuals with disabilities; (2) to provide clear,
   strong, consistent, enforceable standards addressing discrimination against individuals with
5  disabilities; (3) to ensure that the Federal government plays a central role in enforcing the
6  standards established in this act on behalf of individuals with disabilities; and (4) to invoke the
   sweep of Congressional authority, including the power to enforce the 14th Amendment and to
7  regulate commerce, in order to address the major areas of discrimination faced day to day by
   people with disabilities.
8

9  34.   As part of the Americans with Disabilities Act of 1990, Public Law 101-336, (hereafter
10  the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by
11  Private Entities" (42 USC 12181ff). Among the Public accommodations identified for purposes
12  of this title were all businesses that offer any service to the public. (See (§301(7)(F)).

13  35.   Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the
14  basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,
15  advantages, or accommodations of any place of public accommodation by any person who owns,
16  leases, or leases to, or operates a place of public accommodation."

17  36.   Although the specific prohibitions against discrimination were included, in
18  §302(b)(2)(a)(iv), "a failure to remove architectural barriers, and communication barriers that are
19  structural in nature, in existing facilities… where such removal is readily achievable;" and (v)
20  "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily
21  achievable, a failure to make such goods, services, facilities, privileges, advantages, or
22  accommodations available through alternative methods if such methods are "readily achievable."
23  The acts of Defendants set forth herein are a violation of Plaintiff's rights under the "ADA,"
24  Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff. The
25  standards of the ADA are also incorporated into §§54.3 and 55 of the Civil Code.

26  37.   The removal of each of the barriers complained of by Plaintiff **GEORGE S. LOUIE** as
27  hereinabove alleged was at all time after January 26, 1992 "readily achievable." As noted
28  hereinabove, removal of each of the architectural barriers complained of were already required

LOUIE vs. STATE FARM, ET AL        13

1  under existing California law. Further, at all times since January 26, 1992, modification of or

2  removal of each of the above described individual barriers was "readily achievable" under the

3  factors specified in §301(9) of the Americans with Disabilities Act and regulations adopted

4  pursuant to that section. On information and belief, Defendants failed to "address" any of these

5  problems, even after **GEORGE S. LOUIE 'S** difficulties in obtaining access were made clear to

6  Defendants.

7  38.    Per §301(9), 42 USC 12181, the term "readily achievable" means "easily accomplished

8  and able to be carried out without much difficulty or expense." Plaintiff alleges that each of the

9  items that Plaintiff has complained about hereinabove was and is "readily achievable" by the

10  Defendants under the standards set forth under §301(9) of the Americans with Disabilities Act at

11  all times since January 26, 1992. Further, if it was not "readily achievable" for Defendants to

12  remove each of such barriers, Defendants have failed to make the required services available

13  through alternative methods, which were readily achievable.

14  39.    Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is

15  entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42

16  USC 2000(a) –3(a), as Plaintiff is being subjected to discrimination on the basis of disability in

17  violation of this title or has reasonable grounds for believing that he is about to be subjected to

18  discrimination in violation of §302. Further, each violation of the ADA which Plaintiff alleges is

19  occurring on a daily, continuing and ongoing basis, also constitutes a violation of §§54(c) and

20  §54.1(d) California Civil Code, further entitling Plaintiff to the rights and remedies of §54.3

21  Civil Code, including damages and attorneys' fees and costs, and injunctive relief per §55 Civil

22  Code.

23  40.    Per §308 (a) (1) (42 USC 12188), "Nothing in this section shall require a person with a

24  disability to engage in a futile gesture if such person has actually noticed that a person or

25  organization covered by this title does not intend to comply with its provisions." Pursuant to this

26  last section, Plaintiff, on information and belief, alleges that Defendants have continued to

27  violate the law and deny the rights of Plaintiff and of other disabled persons to access this public

28  accommodation. Pursuant to §308 (b)(2)(A)(iv) … injunctive relief shall include an order to alter

1   facilities to make such facilities readily accessible to and usable by individuals with disabilities

2   to the extent required by this title." Plaintiff seeks such injunctive relief.

3   41.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of

4   1964, (42 USC 2000 (a) –3(a), and pursuant to Federal Regulations adopted to implement the

5   Americans with Disabilities Act of 1990.

6            WHEREFORE, Plaintiff requests relief as set forth below.

7

8                              **PRAYER FOR RELIEF**

9            **FIRST CAUSE OF ACTION – STATUTORY VIOLATIONS**

10  1.    General and compensatory damages according to proof;

11  2.    Special and consequential damages according to proof;

12  3.    For attorneys' fees, litigation expenses and costs pursuant to §1021.5 of the Code of Civil

13  Procedure, §19953 Health & Safety Code;

14  4.    For all costs of suit;

15  5.    For pre-judgment interest pursuant to §3291 of the Civil Code;

16  6.    That Defendants be preliminarily and permanently enjoined from operating and

17  maintaining **the subject STATE FARM business and or STATE FARM INSURANCE**

18  **Offices** in violation of  the Americans with Disabilities Act of 1990 or other regulations as are

19  currently required by law;

20  7.    Such other and further relief as the Court may deem just and proper.

21

22

23                              **SECOND CAUSE OF ACTION**

24          **FULL AND EQUAL ACCESS PER §§54 AND 54.1 CIVIL CODE**

25  1.    General and compensatory damages according to proof;

26  2.    All damages as afforded by Civil Code §54.3 for each day on which Defendants have

27  denied to Plaintiff equal access for the disabled;

28

3.    Attorneys' fees, litigation expenses and costs pursuant to §54.3 and §55 of the Civil Code, and §1021.5 Code of Civil Procedure;

4.    For all costs of suit;

5.    Pre-judgment interest pursuant to §3291 of the Civil Code;

6.    That Defendants be enjoined from operating the **subject STATE FARM businesses and or STATE FARM INSURANCE Offices** as a public accommodation and facility open to the public, so long as disabled persons are not provided full and equal access to the accommodations and facilities, as provided by §51, 54, 54.1, 55 et seq., of the Civil Code;

7.    Such other and further relief as the Court may deem just and proper.


Dated: June 25, 2008

CHARLA R. DUKE
LAW OFFICES OF CHARLA R. DUKE
Attorney for Plaintiff
**GEORGE S. LOUIE**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.


Dated: June 25, 2008

CHARLA R. DUKE
LAW OFFICES OF CHARLA R. DUKE
Attorney for Plaintiff
**GEORGE S. LOUIE**